**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

Emily Edenshaw-Chafin,

                Plaintiff,

     v.

XKKF, *et al.,*

                Defendants.

Case No. 3:26-cv-00135-ACP

### ORDER DENYING PLAINTIFF'S MOTIONS FOR ENTRY OF DEFAULT

On March 24, 2026, self-represented litigant Emily Edenshaw-Chafin ("Plaintiff") filed this case against XKKF, Lisa Ka'iljuus Lang, Wendy K'ah Skaah Todd, and Doreen Witwer ("Defendants").[1] On May 27, 2026, Defendants filed a Notice of Appearance.[2] On June 18, 2026, Plaintiff filed motions requesting entry of default against three of the four named defendants, XKKF, Doreen Witwer, and Wendy K'ah Skaahluwaa Todd, for failure to answer or otherwise respond to the Complaint.[3] On June 22, 2026, Defendants filed an Answer.[4]

### I.    Legal Standard

Under Federal Rule of Civil Procedure 12(a), "a defendant shall serve an answer ... within 21 days after being served with the summons and

---

[1] Docket 1.

[2] Docket 5.

[3] Dockets 9-11.

[4] Docket 12.

complaint." Failure to do so may result in an entry of default or default judgment under Federal Rule of Civil Procedure 55. Rule 55 establishes a two-step process. Under Rule 55(a), when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default. Once the clerk has entered default, the plaintiff may then move for a default judgment under Rule 55(b).

Rule 55(c) provides that the court may set aside an entry of default for "good cause."[5] What constitutes "good cause" is within the discretion of the trial court. When evaluating whether to strike a late answer, courts apply the same three-factor test used for setting aside defaults: whether the defendant's conduct was culpable, whether the defendant has a meritorious defense, and whether the plaintiff would be prejudiced.[6]

When a defendant "has received actual or constructive notice of the filing of the action and failed to answer," a district court may find its conduct culpable and deny a motion to vacate an entry of default.[7] However, the Ninth Circuit has expressively rejected a rigid rule that would prevent parties from correcting

---

[5] *Franchise Holding II, LLC v. Huntington Restaurants Group, Inc.,* 375 F.3d 922, 925 (9th Cir. 2004) (reviewing district court's set aside of default for abuse of discretion). *See also Haw. Carpenters' Trust Funds v. Stone,* 794 F.2d 508, 513 (9th Cir.1986) ("Rule 55(c) frees a court considering a motion to set aside a default entry from the restraint of Rule 60(b) and entrusts determination to the discretion of the court.").

[6] *United States v. Signed Personal Check No. 730 of Yurban S. Mesle,* 615 F.3d 1085, 1091 (9th Cir. 2010).

[7] *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.,* 840 F.2d at 690 (quoting *Meadows v. Dominican Republic,* 817 F.2d 517, 521 (9th Cir.1987)).

Case No. 3:26-cv-00135-ACP, *Edenshaw-Chafin v. XKKF, et al.*
Order Denying Plaintiff's Motions for Entry of Default
Page 2 of 5
Case 3:26-cv-00135-ACP    Document 13    Filed 07/07/26    Page 2 of 5

technical mistakes, such as failing to file a timely answer, in favor of a more flexible analysis of equitable considerations.[8] Further, to prevent setting aside default, prejudice to a plaintiff must result in greater harm than simply delaying resolution of the case; rather, the standard is whether the plaintiff's ability to pursue her claim will be hindered.[9]

## II. Discussion

Because Defendants appeared before Plaintiff filed her motions,[10] the Clerk did not enter default pursuant to Rule 55(a).[11] However, a notice of appearance without any responsive pleading or motion does not demonstrate the intent to defend that Rule 55 requires to prevent entry of default.[12] Rather, default is appropriate if a defendant has "failed to plead or otherwise defend" the suit.[13] Therefore, the Court now considers whether to strike Defendant's late filing or allow it to stand.[14] Although Defendants do not allege improper service of

---

[8] *See Pincay v. Andrews,* 389 F.3d 853, 860 (9th Cir.2004) (*en banc* ) ("[T]he correct approach is to avoid any per se rule ... erecting a rigid barrier against late filings attributable in any degree to the movant's negligence. Instead, we leave the weighing of ... equitable factors to the discretion of the district court in every case.").

[9] *TCI Group Life Ins. Plan,* 244 F.3d at 701.

[10] *See* Dockets 5, 9-11.

[11] Rule 55(a) applies only to parties who have never appeared in the action.

[12] *Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.,* 840 F.2d 685 (1988).

[13] Fed. R. Civ. P. 55(a).

[14] *See e.g., McManus v. Am. States Ins. Co.*, 201 F.R.D. 493, 499 (C.D. Cal. 2000) (holding that where request for entry of default reached the courthouse an hour and a half before the answer, entry of default was proper); *McMillen v. J.C. Penney Co.,* 205 F.R.D. 557, 558 (D. Nev. 2002) ("[t]he filing of a late answer is analogous to a motion to

Case No. 3:26-cv-00135-ACP, *Edenshaw-Chafin v. XKKF, et al.*
Order Denying Plaintiff's Motions for Entry of Default
Page 3 of 5
Case 3:26-cv-00135-ACP     Document 13     Filed 07/07/26     Page 3 of 5

process,[15] fail to expressly respond in opposition to the motions for default,[16] and provide no explanation for the late filing,[17] there is no evidence that the late filing was intended to "take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process," or that Defendants "*intentionally* failed to answer."[18] Defendants have now filed an Answer, and Plaintiff's motions do not establish that a late filing would hinder her ability to pursue her claims.

A district court is accorded "especially broad [discretion] where, as here, it is entry of default that is being set aside, rather than a default judgment."[19] Cooperation on routine scheduling matters ensures the fair and efficient administration of justice, and Plaintiff may require similar professional courtesies

---

vacate a default," because "the party filing the late answer receives 'the same opportunity to present mitigating circumstances that [it] would have had if a default had been entered and [it] had moved under Rule 55(a) to set it aside.' ") (citations omitted).

[15] *Cf. Sec. & Exch. Comm'n v. Internet Sols. for Bus. Inc.,* 509 F.3d 1161, 1165 (9th Cir. 2007) ("[A default judgment must be set aside if the court lacked jurisdiction over the defendants due to insufficient service of process.").

[16] *See Carrodine v. Zupax Marketing,* LLC, 351 F.R.D. 164 (2026) (noting that where a defendant does not oppose a clerk's entry of default or otherwise participate in the case, there is generally no indication that the default is due to excusable neglect).

[17] *See, e.g., Cohen v. Murphey,* 222 F.R.D. 416, 417 (N.D. Cal. 2004) (finding that defendants failed to demonstrate that their untimely filing of answers was due to "excusable neglect," so as to warrant setting aside entry of default).

[18] *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2000) (emphasis in original) (citation omitted).

[19] *Mendoza v. Wight Vineyard Mgmt.*, 783 F. 2d 941, 945 (9th Cir. 1986); *see also Brady v. United States*, 211 F.3d 499, 504 (9th Cir. 2000) (citing *O'Connor v. Nevada*, 27 F.3d 357, 364 (9th Cir. 1994).

Case No. 3:26-cv-00135-ACP, *Edenshaw-Chafin v. XKKF, et al.*
Order Denying Plaintiff's Motions for Entry of Default
Page 4 of 5

Case 3:26-cv-00135-ACP     Document 13     Filed 07/07/26     Page 4 of 5

and extensions in this matter moving forward.[20] Accordingly, the Court will exercise its broad discretion and deny the motions for default. The Answer filed at Docket is accepted as if timely filed. However, Defendants are cautioned that future failures to comply with applicable deadlines will not be tolerated.[21] Any further noncompliance may result in sanctions without further notice, including, but not limited to, striking filings, preclusion of arguments or evidence, monetary sanctions, or other appropriate relief as determined by the Court.[22]

IT IS THEREFORE ORDERED:

1.      Plaintiff's motions for default at Docket 9-11 are DENIED.

2.      Defendants' Answer is accepted as timely filed.

3.      The Clerk is directed to issue a scheduling order in this case.

DATED this 7th day of July, 2026, at Anchorage, Alaska.

*/s/ Aaron Christian Peterson*
AARON CHRISTIAN PETERSON
UNITED STATES DISTRICT JUDGE

---

[20] *See* Local Rules 7.1(h), 7.2(b)(1), and 7.3(b).

[21] *See* Fed. R. Civ. P. 6.

[22] *See* Fed. R. Civ. P. 11.

Case No. 3:26-cv-00135-ACP, *Edenshaw-Chafin v. XKKF, et al.*
Order Denying Plaintiff's Motions for Entry of Default
Page 5 of 5

Case 3:26-cv-00135-ACP      Document 13      Filed 07/07/26      Page 5 of 5